Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
SARAH M. WOOLSTON 9SBN 320510)
3638 American River Drive
Sacramento, California 95864
Telephone:    (916) 978-3434
Facsimile:    (916) 978-3430
mjaime@mathenysears.com
swoolston@mathenysears.com

Attorneys for Defendant, COSTCO WHOLESALE
CORPORATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY N. THOMAS, an individual,<br><br>            Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE<br>CORPORATION, and DOES 1 to 50,<br>inclusive,<br><br>            Defendant. | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint filed: May 18, 2021<br><br>**Sacramento County Superior Court, State Case No. 34-2021-00300848** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION hereby removes the matter Ruby N. Thomas v. Costco Wholesale Corporation; and DOES 1-50 inclusive from the Superior Court of California, County of Sacramento County, Case No. 34-2021-00300848 to the United States District Court for the Eastern District under 28 U.S.C. sections §1441(b), and §1446(b)(3).  Copies of the pleadings and other papers served on the removing defendant in the above-described action are attached to this Notice of Removal as required by 28 U.S.C. § 1446. (See **Exhibits A** (Complaint), **B** (Statement of Damages), and **C** (Answer).

///

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1

## I.    STATEMENT OF JURISDICTION

1.    As the record demonstrates, the action pending in state court is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the litigants, and the amount in controversy exceeds $75,000.

2.    Based upon information and belief, Plaintiff was a Citizen of California and resident of the El Sobrante, California on July 1, 2019, the date of the alleged incident.

3.    Based upon information and belief, Plaintiff was a citizen of California when she filed the Complaint on May 14, 2021; and based upon information and belief, Plaintiff is a citizen of California at the time of filing of this Notice of Removal.  (See Plaintiff's Complaint, attached as **Exhibit A**.)

4.    Defendant COSTCO WHOLESALE CORPORATION was on July 1, 2019, the date of the alleged incident, and on May 14, 2021, when Plaintiff filed the Complaint, a Washington Corporation with its principal place of business in Issaquah, Washington.    COSTCO WHOLESALE CORPORATION is at the time of filing this Notice of Removal a Washington Corporation with its principal place of business in Issaquah, Washington.

5.    Plaintiff claims to have suffered general damages and special damages.  (See Statement of Damages, attached as **Exhibit B**.)

6.    On July 22, 2021, Plaintiff, in her statement of damages, based upon information and belief, prepared by her counsel, asserted that she has incurred $385,568.46 in total damages due to the aforementioned incident at Costco—not including future medical expenses, loss of earnings, and loss of future earning capacity.  (**Exhibit B**.)

## II.    VENUE

7.    This action was filed in the Superior Court of California for the County of Sacramento.  Venue properly lies with the United States District Court for the Eastern District of California as the district and division embracing the places where the action is pending.  (*See* 28 U.S.C. §84(b) and 1441(a).)    Defendant is a corporation doing business in the County of Sacramento.  (Complaint, ¶ 4.)  Consequently, the alleged acts and events Plaintiff complains of

2

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

occurred in this judicial district.  (28 U.S.C. §1391(a).)

**III.    INTRADISTRICT ASSIGNMENT**

8.      Assignment to the United States District Court for the Eastern District in California sitting in Sacramento is proper under 28 U.S.C. sections 1331 and 1441(a) and Eastern District of California Rule 120(d) because the state court action was filed and is pending in the County of Sacramento and Plaintiff is a citizen of California and the alleged acts and events Plaintiff complains of occurred in Sacramento County.

**IV.    PLEADINGS, PROCESS, AND ORDERS**

9.      On May 14, 2021, Plaintiff filed a Complaint in Sacramento County Superior Court alleging premises liability and negligence against COSTCO WHOLESALE CORPORATION.  A copy of the Summons and Complaint was previously attached as **Exhibit A**.

10.      On July 22, 2021, Plaintiff in her statement of damages, based upon information and belief, prepared by her counsel, asserted that she has incurred $385,568.46 in total damages due to the aforementioned incident at Costco—not including future medical expenses, loss of earnings, and loss of future earning capacity.   A copy of Plaintiff's Statement of Damages was previously attached as **Exhibit B**.

11.      On August 5, 2021, COSTCO WHOLESALE CORPORATION filed an Answer in Sacramento County Superior Court in response to the Complaint.  A copy of the Answer is attached as **Exhibit C**.

**V.    DIVERSITY OF CITIZENSHIP & AMOUNT IN CONTROVERSY**

12.      A corporation is a citizen of its state of incorporation and the state in which its principal place of business is located.  (28 U.S.C. 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010).)  A corporation's principal place of business is ". . . the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'"   (*Id.* at 92-93.)   The "nerve center" is usually its headquarters. (*Id.*)

13.      Based upon information and belief, COSTCO WHOLESALE CORPORATION could ascertain from the face of the Complaint that Plaintiff was a citizen of California because

3

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Plaintiff stated that at all time relevant therein she resided in El Sobrante, CA. (See Exhibit A at ¶1.) As such, Plaintiff's domicile is California.

14.     Defendant COSTCO WHOLESALE CORPORATION was on July 1, 2019 when the alleged incident occurred and on May 14, 2021 when Plaintiff filed the Complaint, a Washington Corporation with its principal place of business in Issaquah, Washington. As such, COSTCO WHOLESALE CORPORATION'S domicile is Washington. COSTCO WHOLESALE CORPORATION is at the time of filing this Notice of Removal, a Washington Corporation with its principal place of business in Issaquah, Washington.

15.     Thus, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. Section 1332(a)(1) because Plaintiff is a citizen of California and COSTCO WHOLESALE CORPORATION is a citizen of Washington.

16.     Plaintiff's Request for Statement of Damages indicated she alleges $385,568.46 in total damages due to the aforementioned incident at Costco—not including future medical expenses, loss of earnings, and loss of future earning capacity. The damages of $385,568.46 exceeds the amount in controversy minimum of $75,000. The Statement of Damages was previously produced as **Exhibit B.**

17.     With complete diversity and the threshold damages requirement met, this matter is removable to federal court.

## VI.     TIMELINESS OF REMOVAL

18.     A case is removable on diversity grounds if the parties are completely diverse in their state domicile and the amount in controversy exceeds $75,000. (28 U.S.C. §§ 1332(a), 1446.)

19.     Costco confirmed Plaintiff's amount in controversy is an excess of $385,568.46, which is more than $75,000, as well as her domicile from her Complaint, which Plaintiff served on July 22, 2021.

20.     This matter is removable until 30 days after receipt of information establishing diversity jurisdiction is met. Costco received Plaintiff's Complaint and Statement of Damages on or about July 22, 2021. Counsel for Costco received the case on or about July 27, 2021.

///

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

21.     Costco is filing this removal within the 30-day period after receipt of the complaint establishing Plaintiff's domicile and of the Statement of Damages establishing the amount in controversy.

22.     Complete diversity and the amount in controversy are the two requisites for diversity jurisdiction.

23.     Thus, Costco timely removed this action to the United States District Court for the Eastern District of California.

## VII.    NOTICE TO PLAINTIFF AND STATE COURT

24.     Written notice of this filing will be given to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Sacramento County Superior Court.

## VIII.    CONCLUSION

25.     For all the foregoing reasons, Defendant removes this action to the United States District Court for the Eastern District of California from the Sacramento County Superior Court.

Dated: August /9 , 2021                    **MATHENY SEARS LINKERT & JAIME LLP**

By: /s/ Mathew C. Jaime
    MATTHEW C. JAIME,
    Attorneys for Defendant COSTCO
    WHOLESALE CORPORATION

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

5

# EXHIBIT A



FILED/ENDORSED

MAY 1 4 2021

By: _____ T. Cowther _____
        Deputy Clerk

1  Jason B. Javaheri, Esq., SBN 256173
   Yosi Yahoudai, Esq. SBN 250679
2  R. Bret Beattie, Esq., SBN 150068
   Vartkes Artinian, Esq., SBN 304009
3  **JAVAHERI & YAHOUDAI**
   A Professional Law Corporation
4  1880 Century Park East, Suite 717
   Los Angeles, CA 90067
5  Telephone: (310) 407-0766
   Facsimile: (310) 407-0767
6
7  Attorneys for Plaintiff, RUBY N. THOMAS
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10     FOR THE COUNTY OF SACRAMENTO – GORDON D. SCHABER COURTHOUSE
11
12 RUBY N. THOMAS, an Individual,            Case No.: 34-2021-00300848
13                 Plaintiff,               **PLAINTIFF'S COMPLAINT FOR**
                                            **DAMAGES:**
14         vs.
                                              1.  **PREMISES LIABILITY**
15 COSTCO WHOLESALE CORPORATION; and
   DOES 1 to 50, Inclusive,                   2.  **GENERAL NEGLIGENCE**
16
                 Defendants.                     [DEMAND FOR JURY TRIAL]
17
18
19     Plaintiff, RUBY N. THOMAS, alleges and complains as follows:
20                        **GENERAL ALLEGATIONS**
21                              **PARTIES**
22     1.   RUBY N. THOMAS, hereinafter ("Plaintiff"), an individual, is and/or was, at all times
23 relevant herein, residing in El Sobrante, CA 94803.
24     2.   Plaintiff is informed and believes, and upon such information and belief alleges that
25 Defendant, COSTCO WHOLESALE CORPORATION hereinafter ("COSTCO") and at all
26 times relevant herein is a *Washington* foreign stock Corporation bearing entity number
27 C1587907, qualified to do business and doing business in the State of California, County of
28 Sacramento, with its principal place of business located at 7400 Elk Grove Blvd., Elk Grove,

                                    1
                    **PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  CA 95757.

2     3.   The true names or capacities, whether individual, corporate, associate or otherwise, of

3  Defendants named herein as DOES 1 to 50, Inclusive, are unknown to Plaintiff, who therefore

4  sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to state the

5  true names and capacities when the same have been ascertained.

6     4.   Plaintiff is informed and believes, and upon such information and belief alleges that

7  each of the Defendants designated herein as a DOE are legally responsible in some manner for

8  the events and happenings referred to and legally caused injury and damages to Plaintiff as

9  hereinafter set forth.

10     5.   Plaintiff is informed and believes, and upon such information and belief alleges that at

11  all times material hereto Defendants, and each of them, were the agents and/or employees of

12  their Co-Defendants, and in doing the things herein mentioned were acting in the course and

13  scope of their authority as such agents and/or employees, and with the permission and consent

14  of their Co-Defendants, and each of them.

15        **FIRST CAUSE OF ACTION**

16     **(For Premises Liability Against All Defendants)**

17     6.   Plaintiff, realleges and incorporates herein by reference paragraphs 1 through 5,

18  inclusive of this complaint.

19     7.   At all times material hereto, Defendants, and DOES 1 through 50, Inclusive, and each of

20  them, owned, operated, controlled, supervised and maintained the premises at the COSTCO

21  located at  7400 Elk Grove Blvd., Elk Grove, CA 95757, and the Defendants, and each of them,

22  were owning, operating, controlling, supervising and maintaining said premises with the

23  consent, permission and knowledge of each of the remaining Defendants, and each of them.

24     8.   On July 1, 2019, Plaintiff was lawfully and legally upon said premises as an invited

25  guest of Defendants and each of them, located at 7400 Elk Grove Blvd., Elk Grove, CA 95757.

26  At the time of the subject accident, Plaintiff was walking towards the exit when she violently

27  slipped and fell on an unknown slippery substance that had collected on Defendants floor

28  creating a dangerous and slippery condition resulting in Plaintiff's injuries and related damages.

---

2
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

9.  At said premises, Defendants, and each of them, and DOES 1 through 50, inclusive, so negligently, willfully, carelessly, recklessly, and unlawfully, owned, possessed, maintained, operated, supervised, managed, controlled, designated, constructed, assembled, installed, inspected and serviced said premises so as to proximately cause, permit and allow the same to be in a dangerous, and unsafe condition.

10. Said condition existed prior to and at the time of Plaintiff's accident herein.  Defendants, knew or should have known that the dangerous condition existed but, failed to notify Plaintiff and other invited guests of the dangerous condition or in the alternative, guard against said dangerous condition.

11. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in her health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

12. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

13. At the time of said accident/injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (For Negligence Against All Defendants)

14. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

15. At all times material hereto, Defendants, and DOES 1 to 50, Inclusive, and each of them,

owned, operated, controlled, supervised and maintained the ("COSTCO") located at 7400 Elk Grove Blvd., Elk Grove, CA 95757, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and knowledge of each of the remaining Defendants, and each of them.

16. Plaintiff is informed and believes, and hereon alleges, that she was further injured due to negligent acts or omissions by the agents, representatives or employees of Defendants, and each of them.

17. Plaintiff is informed and believes, and hereon alleges, that at all relevant times Defendants, and each of them, owed Plaintiff and other invited guests a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. On July 1, 2019, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants and each of them, located at 7400 Elk Grove Blvd., Elk Grove, CA 95757. At the time of the subject accident, Plaintiff was walking towards the exit when she violently slipped and fell on an unknown slippery substance that had collected on Defendants floor creating a dangerous and slippery condition resulting in Plaintiff's injuries and related damages.

19. Defendants and each of them breached their duty of care to Plaintiff to maintain their premises free of any hazardous and dangerous conditions that exposed Plaintiff and other invited guests to injury. Defendants knew or should have known that failing to inspect their premises for any dangerous conditions, exposed Plaintiff and other invited guests to serious injury and related damages. Defendants failure to conduct routine timely inspection of their premises including their floors, was a contributing factor to Plaintiff's accident, injuries, and related damages.

20. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in her health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

21. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

22. At the time of said injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, RUBY N. THOMAS, demands a jury trial and prays for a judgment against all named Defendants and DOES 1 to 50, Inclusive, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For personal property damages according to proof;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

Dated: May 13, 2021                          JAVAHERI & YAHOUDAI

By: _____
YOSI YAHOUDAI, ESQ.
Attorneys for Plaintiff
RUBY N. THOMAS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated: May 13, 2021                    JAVAHERI & YAHOUDAI


                              By:   _____
                                    YOSI YAHOUDAI, ESQ.
                                    Attorneys for Plaintiff,
                                    RUBY N. THOMAS

6
PLAINTIFF'S COMPLAINT FOR DAMAGES

# EXHIBIT B

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Yosi Yahoudai, Esq., SBN: 250679<br>JAVAHERI & YAHOUDAI<br>1880 Century Park East, Suite717<br>Los Angeles, CA 90067<br>ATTORNEY FOR *(name)*: Plaintiff, Ruby N. Thomas | (310)407-0766 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Courthouse

PLAINTIFF: Ruby N. Thomas
DEFENDANT: Costco Wholesale Corporation

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>34-2021-00300848 |
|---|---|

To *(name of one defendant only)*: Defendant, Costco Wholesale Corporation.
Plaintiff *(name of one plaintiff only)*: Plaintiff, Ruby N. Thomas.
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. [X] Pain, suffering, and inconvenience ........................................................................ $ 350,000.00

b. [ ] Emotional distress. .......................................................................................... $ _____

c. [ ] Loss of consortium .......................................................................................... $ _____

d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ............................ $ _____

e. [ ] Other *(specify)* _____ $ _____

f. [ ] Other *(specify)* _____ $ _____

g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [X] Medical expenses *(to date)* ............................................................................... $ $35,568.46 +

b. [X] Future medical expenses *(present value)* ............................................................. $ TBD

c. [X] Loss of earnings *(to date)* ................................................................................. $ TBD

d. [X] Loss of future earning capacity *(present value)* .................................................. $ TBD

e. [ ] Property damage ............................................................................................... $ _____

f. [ ] Funeral expenses *(wrongful death actions only)* ................................................. $ _____

g. [ ] Future contributions *(present value) (wrongful death actions only)* ...................... $ _____

h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ............ $ _____

i. [ ] Other *(specify)* _____ $ _____

j. [ ] Other *(specify)* _____ $ _____

k. [ ] Continued on Attachment 2.k.

3. [ ]  **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
     when pursuing a judgment in the suit filed against you.

Date:  July 22, 2021

Yosi Yahoudai, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CIV-050

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: Ruby N. Thomas | 34-2021-00300848 |
| DEFENDANT: Costco Wholesale Corporation | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify):*

   b. on *(name):*
   c. by serving ☐ defendant   ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

CIV-050 [Rev. January 1, 2007]

**PROOF OF SERVICE**
**(Statement of Damages)**

Page 2 of 2
Code of Civil Procedure §§ 425.11, 425.115

# EXHIBIT C

1   Law Offices of
    **MATHENY SEARS LINKERT & JAIME LLP**
2   MATTHEW C. JAIME (SBN 140340)
    3638 American River Drive
3   Sacramento, California 95864
    Telephone:      (916) 978-3434
4   Facsimile:      (916) 978-3430
    mjaime@mathenysears.com
5
    Attorneys for Defendant, COSTCO WHOLESALE
6   CORPORATION

7

8                          SUPERIOR COURT OF CALIFORNIA

9                              COUNTY OF SACRAMENTO

10

11  RUBY N. THOMAS, an individual,            Case No. 34-2021-00300848

12                  Plaintiffs,               **ANSWER TO COMPLAINT AND**
                                              **DEMAND FOR JURY TRIAL**
13       v.

14  COSTCO WHOLESALE
    CORPORATION, and DOES 1 to 50,
15  inclusive,                                Complaint filed:
                                              Trial date:
16                  Defendant.

17

18       Defendant COSTCO WHOLESALE CORPORATION [hereinafter "COSTCO"] hereby

19  sets forth its Answer and Affirmative Defenses to Plaintiff RUBY THOMAS' Complaint for

20  Damages and demands trial by jury.

21                                        I

22       COSTCO denies each and every, all and singular, generally and specifically, the allegations

23  in said Complaint, and each and every part thereof; denies that plaintiff has been injured or

24  damaged in any sum or manner whatsoever as a result of the action or inaction of COSTCO, and

25  further denies that plaintiff is entitled to any further relief whatsoever from COSTCO.

26  ///

27  ///

28

                                            1

                    *ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**II**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint on file herein, and to each and every cause of action contained therein, COSTCO is informed and believes and thereon alleges, that at the time and place of the events described in plaintiff's Complaint, plaintiff was herself, careless, negligent or otherwise legally at fault, and that said carelessness, negligence or other legal fault on the part of plaintiff proximately caused or contributed to, in whole or in part, the injuries, losses and damages complained of, if any there are, by reason of these premises, plaintiff's Complaint is barred, or her recovery is reduced in direct proportion to the amount of contributory or other legal fault.

**III**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint on file herein, and to each and every cause of action contained therein, COSTCO is informed and believes and thereon alleges, that at the time and place of the events described in plaintiff's Complaint, persons and entities as yet unknown to COSTCO were careless, negligent or otherwise legally at fault, and that such conduct proximately caused or contributed to the losses and damages, complained of by plaintiff, if any there are, and that liability should be apportioned among COSTCO and said persons and entities based upon respective percentages of fault.

**IV**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint on file herein, and to each and every cause of action contained therein, COSTCO alleges that in the event plaintiff recovers judgment against COSTCO, said judgment should be apportioned under equitable principles of comparative fault based upon percentages of liability attributable to each defendant or responsible person or entity.

**V**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint, COSTCO alleges that plaintiff's Complaint fails to state facts sufficient to state a cause of action against COSTCO.

2

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**VI**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in plaintiff's Complaint, the court lacks personal jurisdiction over COSTCO.

**VII**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in plaintiff's Complaint, the court lacks subject matter jurisdiction over COSTCO.

**VIII**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint, COSTCO alleges that plaintiff lacks capacity to sue for the claims set forth therein.

**IX**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint, and to each and every cause of action contained therein, COSTCO alleges that plaintiff, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in said Complaint, if any there are, and that the resultant damages, if any, complained of in said Complaint were directly and proximately caused by the failure, neglect and refusal of plaintiff to exercise reasonable diligence in an effort to mitigate the damages alleged.

**X**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint on file herein, and to each and every cause of action contained therein, COSTCO is informed and believes and thereon alleges that the injuries of which plaintiff complains, are the proximate result of the acts, errors or omissions, negligence or other legal fault of parties, codefendants, persons, partnerships, corporations and entities, both named and unnamed.  By virtue of the provisions of California Civil Code sections 1431 et seq. (Proposition 51, adopted June 3, 1986), COSTCO respectfully requests that damages, if any, be allocated and

3

apportioned amongst all causative factors and that COSTCO be found legally responsible only for COSTCO's determined share of legal fault.

### XI

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, COSTCO alleges that plaintiff's Complaint is barred by the applicable statute of limitations set forth in the California Code of Civil Procedure.

### XII

**AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that COSTCO did not have either actual or constructive notice, or had inadequate notice, of the alleged dangerous condition described in the Complaint or that said condition had existed for a sufficient time prior to the accident described in the Complaint for measures to have been reasonably taken to protect against, remedy, or warn of the alleged condition.

### XIII

**AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that at the time of the accident described in the Complaint, COSTCO did not have any care, custody, control, or supervision over the area where said accident allegedly occurred.

### XIV

**AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that the dangerous condition or defects allegedly existing on the premises described in the Complaint, if said condition or defects existed, which is expressly denied, then said condition or defects were or should have been open and obvious to plaintiff, and therefore no warning about said condition or defects was necessary or required.

### XV

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, the COSTCO alleges that at the time and place referred to in plaintiff's Complaint, plaintiff voluntarily assumed the risk of injury and damage to herself and that any injury or damage suffered by said plaintiff at said time and place was voluntarily assumed by her.

*ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

XVI

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, and to each and every purported cause of action contained therein, COSTCO alleges that the risk of injury created by the alleged condition of property was minor, trivial or insignificant in light of the surrounding circumstances and did not create a substantial risk of injury. Plaintiff is therefore barred entirely from recovery against COSTCO, or alternatively, plaintiff should have the recovery, if any, proportionally reduced.

XVII

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, COSTCO alleges that COSTCO presently has insufficient knowledge and information upon which to form a belief as to whether COSTCO may have additional, as yet unstated, defenses. Accordingly, COSTCO reserves the right to assert additional defenses in the event discovery and investigation reveals a factual and legal basis for such affirmative defenses.

WHEREFORE, COSTCO prays:

1.      Plaintiff take nothing against it by her Complaint;

2.      Defendant has judgment for its costs of suit; and

3.      Such other and further relief as the court deems just and proper.

Dated: 8/3/21

**MATHENY SEARS LINKERT & JAIME LLP**

By: _____
MATTHEW C. JAIME,
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

5

*ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1  **RUBY N. THOMAS v. COSTCO WHOLESALE CORPORATION**
**SACRAMENTO COUNTY SUPERIOR COURT CASE NO. 34-2021-00300848**
2

3                                    **PROOF OF SERVICE**

        I am a citizen of the United States and employed in Sacramento County. I am over the age
4  of eighteen years and not a party to the within-entitled action. My business address is 3638
American River Drive, Sacramento, CA 95864.  On this date, I served:
5

6                                **ANSWER TO COMPLAINT**

7  [X]    **BY MAIL**.  By placing a true copy thereof enclosed in a sealed envelope, with postage
thereon fully prepaid, in the United States Post Office mail box at Sacramento, California,
8  addressed as set forth below. I am readily familiar with my firm's practice of collection and
processing correspondence for mailing. It is deposited with the U.S. Postal Service on the
same day in the ordinary course of business. I am aware that on motion of party served,
9  service is presumed invalid if postal cancellation date of postage meter date is more than 1
day after date of deposit for mailing in affidavit.
10

11  [  ]    **BY PERSONAL SERVICE**.  I caused such document(s) to be personally hand delivered
on this same date to the person(s) as set forth below.
12

[  ]    **BY FACSIMILE TRANSMISSION**.   I transmitted such document(s) by facsimile
13  machine to the facsimile number for the person(s) as set forth below.

14  [  ]    **BY ELECTRONIC MAIL:** by sending the attached document via electronic mail to the
e-mail addresses set forth below:
15

16  [  ]    **BY OVERNIGHT COURIER.** By placing a true copy thereof enclosed in a sealed Federal
Express envelope, with the correct fee to be paid, in the correct drop box at Sacramento,
17  California, addressed as set forth below. I am readily familiar with my firm's practice of
collection and processing Federal Express for overnight delivery.

18
| Jason B. Javaheri, Esq. | Counsel for Plaintiff |
|---|---|
| Yosi Yahoudai, Esq. | |
| R. Bret Beattie, Esq. | |
| Vartkes Artinian, Esq. | |
| Javaheri & Yahoudai | |
| A Professional Corporation | |
| 1880 Century Park East, Suite 717 | |
| Los Angeles, CA 90067 | |
| T: 310-407-0766 | |
| F: 310-407-0767 | |

23        I declare under penalty of perjury, according to the laws of the State of California, that the

24  foregoing is true and correct.

25        Executed this 5 day of August, 2021, at Sacramento, California.

26

27                                                    _____
                                    Rhonda Ladrido
28

                                            1