Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
JOSEPH F. OFFENHAUSER (SBN 341362)
3638 American River Drive
Sacramento, California 95864
Telephone:     (916) 978-3434
Facsimile:     (916) 978-3430
Email: mjaime@mathenysears.com
       joffenhauser@mathenysears.com

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY N. THOMAS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 to 50, inclusive,<br><br>Defendants. | No. 2:21-cv-1492 TLN DB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141.1(c), Plaintiff RUBY N. THOMAS (hereinafter "Plaintiff"), by and through her counsel, and Defendant COSTCO WHOLESALE CORPORATION (hereinafter "Costco"), by and through its counsel of record, stipulate that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, privacy rights, and the need to protect proprietary trade secrets, the PARTIES stipulate as follows:

1.     The Parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, and other discovery, will contain confidential, non-public information of a financial and/or commercial nature which may constitute a trade secret or proprietary information.  The Parties do not wish to unreasonably impede or burden the discovery

process, but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate confidentiality concerns. The Parties intend this Stipulation and Protective Order to address these concerns.

2. In this Stipulation and Protective order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding **Case No. 2:21-CV-01492-TLN-DB**.

b. "Court" means any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information and materials that are trade secrets or constitute other confidential or proprietary research, development or commercial information, including, but not limited to, internal procedures and policies demonstrating how Costco operates its business on both a corporate and individual warehouse level and the process by which Costco's products are created, internal information regarding the confidential process created by Costco to provide efficient service, studies and/or surveys sponsored by Costco to gain market knowledge and determine process(es) by which efficient service can be attained and maintained, supplier lists, all to the extent that publication of such materials to a competitor could be detrimental to Costco's ability to compete. Confidential information may include contact information (last known address and phone numbers, and email address) for Costco's current and former employees (excluding employees with percipient knowledge). There is a particularized need for protection of each of the above categories, as each category contains a trade secret or other confidential or proprietary research, development, or commercial information that was created and/or obtained by Costco at a great time and monetary cost, and the disclosure of which may be a detriment to Costco and its ability to compete in the warehouse and wholesale industry. Attorney client or work product documents, or documents prepared in anticipation of litigation are privileged and subject to a separate and distinct meet and confer process.

i. "Good Cause:" Discovery in this action will involve production of confidential, proprietary, or private information for which special protection

is warranted. Specific prejudice or harm will result if no protective order is granted as to proprietary trade secrets because it will detriment Costco's ability to compete in the warehouse and shopping market industry.

    ii. "Specific Types of Information/Categories Eligible for Protection and Particularized Need to Protect:" Examples include, but may not be limited to, Employee Manual (contains Costco policy on warehouse function, including trade secret on operational specifics—without protective order, competitors can duplicate and improperly use to detriment of Costco); Member Service and Loss Prevention Manual (includes proprietary description of Costco operations—without protective order, competitors can duplicate and improperly use to the detriment of Costco), personnel records (Costco has specific duty to protect the private employment records of its employees, this duty and the privacy rights of the employee would be violated without a protective order), customer lists (customers with percipient knowledge are not subject to this, customer lists includes lists of non-percipient witnesses—their private information including contact information and financial information are confidential, disclosure without a protective order can result in violations of their privacy, and improper use of their information.) (Local Rule 141.1(c)(1)(2).)

    iii. "Court Order Necessary:" A court order will allow for a neutral process and intermediary should there be a dispute as to whether a document is "CONFIDENTIAL." Further, the process for filing under seal, when necessary, will be well defined for this court and Parties. Because of the sensitive nature of these documents, the agreement between parties to keep these documents "CONFIDENTIAL" requires approval by this Court in accordance with federal and Local Rules. Otherwise, a producing party would have a mere contractual claim against a lawyer or his client for dissemination of trade secret and commercial information, with no

1  meaningful remedy.  Moreover, a subsequent claimant might point to such an informal agreement as evidence that the producing party does not take reasonable steps to secure its proprietary and trade secret information.  A court order, in contrast, provides the quick and powerful remedy and mechanism of contempt proceedings in the event of a violation and improper or inadvertent disclosure of "CONFIDENTIAL" documents. (Local Rule 141.1(c)(3).)

d.  "Confidential Materials" means any Documents, Testimony, or Information containing sensitive commercial information, including but not limited to, lists of employee names, lists which may contain customer names, proprietary policies, and other such private and confidential materials.  "Confidential Materials" will be designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.  "Designating PARTY" means the PARTY that designates Materials as "Confidential."

f.  "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g.  "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h.  "Information" means the content of Documents or Testimony.

i.  "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

j.  "PARTY" or "PARTIES" shall refer to the Plaintiff and/or Defendant Costco Corporation.

3.  The Designating PARTY shall have the right to designate as "Confidential" any Documents, whether produced by PARTIES to the litigation or non-PARTIES, answers to written discovery, Testimony or Information that the Designating PARTY in good faith believes to contain

non-public information that is entitled to confidential treatment under applicable law.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any PARTY with respect to the discovery of matters, including but not limited to any PARTY's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any PARTY's right to contest any such assertion.

5. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The PARTIES may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating PARTY must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating PARTY may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating PARTY.

    c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating

PARTY must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating PARTY, to the extent practicable, shall identify the "Confidential" portions.

6. The inadvertent production by any of the undersigned PARTIES or non-PARTIES to the Proceedings of any Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such PARTY shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies that are subject to a "Confidential" designation is inadvertently produced without such designation, the PARTY that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the PARTY that received the inadvertently produced Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies, shall promptly destroy the inadvertently produced Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies and all copies thereof, or, at the expense of the producing PARTY, return such together with all copies of such Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies to counsel for the producing PARTY and shall retain only the "Confidential" designated Materials. Should the receiving PARTY choose to destroy such inadvertently produced Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals

or Costco policies, the receiving PARTY shall notify the producing PARTY in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies, such law shall govern.

7. In the event that counsel for a PARTY receiving Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating PARTY, in writing, of such objections, the specific Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies containing customer lists/names, to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating PARTY shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies pursuant to any or of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Document, Testimony, or Information containing sensitive commercial information, including but not limited to Costco employee agreements, Costco manuals or Costco policies at issue in such Motion shall remain in place. The Designating PARTY shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the

Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

    8.    Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a.    the Court;

    b.    (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any PARTY.  (2) In-house counsel to the undersigned PARTIES and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c.    Plaintiff and those officers, directors, partners, members, employees and agents of all non-designating PARTIES that counsel for such PARTIES deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the PARTY making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**;

    d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    f.    any deposition or non-trial hearing witness in the Proceeding who

previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the PARTY making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**.

    h.    outside experts or expert consultants consulted by the undersigned PARTIES or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the PARTY making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating PARTY of such breach or threatened breach; and

    i.    any other person that the Designating PARTY agrees to in writing.

9.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.    Any PARTY to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other PARTIES to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

      a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

      b. prejudice in any way the right of any PARTY (or any other person subject to the terms of this Stipulation and Protective Order):

           i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

           ii. to seek relief from the Court on appropriate notice to all other PARTIES to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12. Any PARTY to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a PARTY to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other PARTIES to this Stipulation and Protective Order.

13. Any Information that may be produced by a non-PARTY witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-PARTY as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-PARTY shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned PARTIES hereto. Any such designation shall also function as a consent by such producing non-PARTY to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or non-PARTY with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating PARTY, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating PARTY may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either PARTY from asserting in good faith that certain Confidential Materials require additional protection.  The PARTIES shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating PARTY under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating PARTY to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating PARTY responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating PARTY.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any PARTY to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that PARTY.  If the Designating PARTY uses Confidential Materials in a non-Confidential manner, then the Designating PARTY shall advise that the designation no longer applies.

18. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by federal rules, the PARTY shall follow those rules.  With respect to discovery motions or other proceedings not governed by Local Rules, the following shall apply: If Confidential Materials or Information derived from

11

Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED." Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. However, the designation of material as confidential, without more, is insufficient to obtain a sealing order. Any party that seeks to file Confidential Material under seal must comply with Local Rule 141, which governs motions for a sealing order. A sealing order will only issue upon a request establishing that the Confidential Material at issue is privileged, protectable as trade secret, or otherwise entitled to protection under the law. Further, the briefing on the motion for sealing order shall address U.S. Supreme Court and Ninth Circuit standards for whether the material may be filed under seal. Regardless of which party files the motion for a sealing order, the party that designated the material as confidential shall file a brief addressing those standards, and shall have the burden of establishing that the Confidential Material should be filed but not made publicly available.

19. The PARTIES shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

21. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a PARTY may seek the written permission of the Designating PARTY or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and

Protective Order, even after the Proceeding is terminated.

22. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned PARTIES shall have thirty (30) days to either (a) promptly return to counsel for each Designating PARTY all Confidential Materials and all copies thereof (except that counsel for each PARTY may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court, (b) agree with counsel for the Designating PARTY upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23. After this Stipulation and Protective Order has been signed by counsel for all PARTIES, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24. The PARTIES and all signatories to the Certification attached hereto as **Exhibit A** agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the PARTIES agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the PARTIES' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

25. This Stipulation and Protective Order may be executed in counterparts.

///

///

///

///

|   |   |
|---|---|
|   | **MATHENY SEARS LINKERT JAIME, LLP** |
| Dated: April 14 , 2022 |   |
|   | By: /s/ Matthew C. Jaime<br>Matthew C. Jaime, Esq.<br>Attorney for Defendant COSTCO WHOLESALE CORPORATION |
|   | **JAVAHERI & YAHOUDAI** |
| Dated: April 14, 2022 |   |
|   | By: /s/ Vartkes Artinian, Esq.<br>Jason B. Javaheri, Esq.<br>Yosi Yahoudai, Esq.<br>R. Bret Beattie, Esq.<br>Vartkes Artinian, Esq.<br>Attorney for Plaintiff RUBY N. THOMAS |

*STIPULATION AND PROTECTIVE ORDER*

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____, am about to receive Confidential Materials supplied in connection with the Proceeding known as *Thomas v. Costco Wholesale Corporation, et al.*, Case No. 2:21-CV-01492-TLN-DB. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this ____ day of _____, 2022, at _____.

The undersigned hereby acknowledges that he or she has read the attached Protective Order entered by the Court in the action and understands the terms thereof and agrees to be bound by such terms.

///
///
///
///
///

DATED: BY:

_____
Signature

_____
Address

_____
City, State, Zip

_____
Telephone Number

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and

proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: April 15, 2022         /s/ DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE

*STIPULATION AND PROTECTIVE ORDER*