UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUBY N. THOMAS,

           Plaintiff,

    v.

COSTCO WHOLESALE
CORPORATION,

           Defendant.

No. 2:21-cv-01492-TLN-DB

**ORDER**

       This matter is before the Court on Plaintiff Ruby N. Thomas's ("Plaintiff") Application to Stay Opposition to Defendant Costco Wholesale Corporation's ("Defendant") Motion for Summary Judgment.  (ECF No. 14.)  Defendant filed a response.  (ECF No. 15.)  For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's request.

///

///

///

///

///

///

///

1

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

2      This case involves Plaintiff's slip and fall on Defendant's property.  (ECF No. 1.)

3   Plaintiff filed this action in Sacramento County Superior Court on May 14, 2021.  (*Id.*)

4   Defendant filed its Answer and then removed the action to this Court on August 20, 2021.  (*Id.*)

5   Defendant filed a motion for summary judgment on October 12, 2022.  (ECF No. 12.)  Plaintiff

6   was required to file an opposition or statement of non-opposition to Defendant's motion for

7   summary judgment not later than fourteen days from the filing of the motion.  E.D. Cal. L.R.

8   230(c).  Plaintiff did not file a timely opposition or statement of non-opposition as required.  The

9   Court therefore ordered Plaintiff to show cause as to why he should not be sanctioned in the

10   amount of $250.  (ECF No. 13.)  The Court also ordered Plaintiff to file an opposition or

11   statement of non-opposition to Defendant's motion by November 3, 2022.  (*Id.*)

12      On November 3, 2022, rather than file an opposition or statement of non-opposition as

13   ordered, Plaintiff's counsel filed an affidavit requesting the Court deny or defer consideration of

14   Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule")

15   56(d).  (ECF No. 14.)

16

## II.   STANDARD OF LAW

17      Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified

18   reasons, it cannot present facts essential to justify its opposition, the court may . . . defer

19   considering the motion or deny it."  Fed. R. Civ. P. 56(d).  "To prevail under this Rule, parties

20   opposing a motion for summary judgment must make '(a) a timely application which (b)

21   specifically identifies (c) relevant information, (d) where there is some basis for believing that the

22   information sought actually exists.'"  *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust*

23   *Fund v. Clorox Co.*, 353 F.3d 1125, 1129–30 (9th Cir. 2004) (citation omitted).  "The burden is

24   on the party seeking additional discovery to proffer sufficient facts to show that the evidence

25   sought exists, and that it would prevent summary judgment."  *Chance v. Pac–Tel Teletrac Inc.*,

26   242 F.3d 1151, 1161 n.6 (9th Cir. 2001).  Further, a court may deny "further discovery if the

27   movant has failed diligently to pursue discovery in the past."  *Cal. Union Ins. Co. v. Am.*

28   *Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted).

1    **III.    ANALYSIS**

2         Plaintiff requests the Court deny or at least defer ruling on Defendant's motion for

3    summary judgment pending the completion of additional discovery.  (ECF No. 14 at 1.)  Plaintiff

4    requests the following discovery: (1) video surveillance footage for the two-hour period

5    immediately preceding Plaintiff's fall; (2) a deposition of Defendant's person most qualified; (3)

6    a deposition of Defendant's store manager Ken Wootten; (4) a deposition of Defendant's store

7    manager Peter Cavalero; (5) a deposition of Defendant's store manager Ricky Tota; (6) a

8    deposition of Defendant's member services manager Marcella Garcia; and (7) a deposition of

9    Defendant's store manager Vanessa Wisniewski.  (ECF No. 14 at 3–6.)

10        The Pretrial Scheduling Order states in relevant part, "All discovery, with the exception of

11   expert discovery, shall be completed no later than two hundred forty (240) days from the date

12   upon which the last answer may be filed with the Court."  (ECF No. 2 at 2.)  Defendant filed its

13   Answer in state court and then removed the action on August 20, 2021.  (ECF No. 1 at 17.)

14   Defendant was not required to file a new Answer in this Court after removal.  *See* Fed. R. Civ. P.

15   81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").  Counting 240

16   days from the date of removal, discovery closed April 17, 2022.

17        Defendant argues Plaintiff should not be allowed to complete additional discovery as

18   Plaintiff had eight months after removal to conduct discovery.  (ECF No. 15 at 2.)  The Court

19   agrees with Defendant that Plaintiff was not diligent in pursing discovery *prior* to the close of

20   discovery in April 2022.  Plaintiff's counsel asserts he "has had no opportunity to conduct

21   discovery into these issues" and that "[m]any of the employees . . . were just discovered during

22   the deposition of two other employees of Defendant."  (ECF No. 14 at 6.)  These vague assertions

23   are insufficient.  Notably, although Plaintiff's counsel states he was confused about the discovery

24   deadline, he did not request clarification or extensions from this Court until now.

25        However, Defendant states it is willing to allow deposition of its person most qualified

26   because Plaintiff noticed the deposition prior to the close of discovery.  (ECF No. 15 at 2.)

27   Defendant states it "is working with Plaintiff to set a mutually agreeable date for the deposition."

28   (*Id.*)  Accordingly, the Court GRANTS Plaintiff's request to defer consideration of Defendant's

1  motion for summary judgment pending the deposition of Defendant's person most qualified.

2  Plaintiff's request to conduct any further discovery is DENIED based on Plaintiff's lack of

3  diligence in pursuing said discovery prior to the discovery deadline.

4      **IV.   CONCLUSION**

5      For the foregoing reasons, the Court GRANTS Plaintiff's request to defer consideration of

6  Defendant's motion for summary judgment pending the deposition of Defendant's person most

7  qualified.  (ECF No. 14.)  Plaintiff's request is DENIED in all other respects.  Plaintiff's

8  opposition to Defendant's motion for summary judgment is due not later than fourteen (14) days

9  after the deposition of Defendant's person most qualified is completed.  Defendant may file a

10  reply not later than ten (10) days after the opposition is filed.  The Order to Show Cause (ECF

11  No. 13) is discharged.

12      IT IS SO ORDERED.

13  **DATED:  January 2, 2023**

14

15

16

17          Troy L. Nunley
        United States District Judge

18

19

20

21

22

23

24

25

26

27

28