1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   RUBY N. THOMAS,                          No. 2:21-cv-01492-TLN-DB

12              Plaintiff,

13        v.                                  **ORDER**

14   COSTCO WHOLESALE
     CORPORATION, and DOES 1 to 50,
15   inclusive,

16              Defendants.

17

18        This matter is before the Court on Defendant Costco Wholesale Corporation's

19   ("Defendant") Motion for Summary Judgment, or, in the alternative, Summary Adjudication.

20   (ECF No. 12.)  Plaintiff Ruby N. Thomas ("Plaintiff") opposed.  (ECF No. 21.)  Defendant

21   replied.  (ECF No. 22.)  For the reasons set forth below, the Court DENIES Defendant's motion.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

                                              1

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

2    This case arises out of a slip and fall at a Costco store in Elk Grove, California ("Elk

3    Grove Costco") on July 1, 2019.  (ECF No. 12-1 at 1.)  At sometime between 3:58 p.m. and 4:00

4    p.m. on July 1, 2019, Plaintiff fell on her knee in the area near the food court and member

5    services counter at the Elk Grove Costco.  (*Id.*)

6    Plaintiff filed this action in Sacramento County Superior Court on May 14, 2021, alleging

7    premises liability and general negligence.  (ECF No. 12-1 at 1.)  Defendant removed the action to

8    this Court based on diversity jurisdiction on August 20, 2021.  (*Id.*)  On October 12, 2022,

9    Defendant filed the instant motion for summary judgment, or, in the alternative, summary

10   adjudication.  (ECF No. 12.)

11   **II.    STANDARD OF LAW**

12   Summary judgment is appropriate when the moving party demonstrates no genuine issue

13   of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.

14   R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary

15   judgment practice, the moving party always bears the initial responsibility of informing the

16   district court of the basis of its motion, and identifying those portions of "the pleadings,

17   depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"

18   which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

19   *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof

20   at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

21   solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at

22   324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a

23   party who does not make a showing sufficient to establish the existence of an element essential to

24   that party's case, and on which that party will bear the burden of proof at trial.

25   If the moving party meets its initial responsibility, the burden then shifts to the opposing

26   party to establish that a genuine issue as to any material fact exists.  *Matsushita Elec. Indus. Co.*

27

28   [1]    The following facts are undisputed unless otherwise indicated.

2

1  *v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*,

2  391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute, the

3  opposing party may not rely upon the denials of its pleadings, but is required to tender evidence

4  of specific facts in the form of affidavits, and/or admissible discovery material, in support of its

5  contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must demonstrate

6  that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under

7  the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and the dispute is

8  genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving

9  party.  *Id.* at 251–52.

10      In the endeavor to establish the existence of a factual dispute, the opposing party need not

11  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

12  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

13  trial."  *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is

14  to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

15  trial.'"  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's

16  note on 1963 amendments).

17      In resolving the summary judgment motion, the court examines the pleadings, depositions,

18  answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed.

19  R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The opposing

20  party's evidence is believed and all reasonable inferences that may be drawn from the facts must

21  be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.  Nevertheless, inferences are

22  not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate

23  from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224,

24  1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine

25  issue necessitates a jury trial, the opposing party "must do more than simply show that there is

26  some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

27  "Where the record taken as a whole could not lead a rational trier of fact to find for the

28  nonmoving party, there is no 'genuine issue for trial.'"  *Id.* at 587.

1      **III.   ANALYSIS**

2          Defendant moves for summary judgment, or, in the alternative, summary adjudication on

3   both of Plaintiff's claims, premises liability and negligence.  (ECF No. 12-1 at 1.)  Defendant

4   contends both claims fail as a matter of law for two reasons: (1) "Plaintiff cannot prove a

5   dangerous condition existed and caused her fall"; and (2) Defendant "had no actual or

6   constructive notice of any dangerous condition."  (ECF No. 12 at 1–2.)  The Court will address

7   each of Defendant's arguments in turn.

8                  A.   Evidentiary Objections

9          As a preliminary matter, the Court will address Defendant's three evidentiary objections.

10   First, Defendant objects to the admission of CCTV surveillance video depicting the alleged

11   incident ("CCTV video") on authentication grounds.  (*Id.*)  Second, Defendant objects to

12   Paragraph 6 of Plaintiff Counsel's declaration on lack of personal knowledge grounds.  (ECF No.

13   22-3 at 1.)  Third, Defendant objects to annotations Plaintiff Counsel made on a photograph

14   labeled as part of Plaintiff's Exhibit E on hearsay grounds.  (*Id.*)  Plaintiff did not respond to these

15   objections.

16                   *i.   CCTV Video*

17          Defendant originally produced the CCTV video it now objects to Plaintiff using on

18   authentication grounds and has offered no evidence the video is not what Plaintiff purports it to

19   be.  (ECF No. 21-1 at 70; *see* ECF No. 23.)  Evidence produced by the opposing party is deemed

20   authenticated for all parties.  *See Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002) (If both

21   parties use the same or substantially similar documents, then "the requirement of authenticity is

22   satisfied as to that document with regards to all parties.")  Moreover, the 2010 amendments to

23   Federal Rule of Civil Procedure 56 "eliminate[d] the unequivocal requirement" that evidence be

24   authenticated and admissible in its present form for it to be considered at summary judgment and

25   mandated only that the substance of the proffered evidence would be admissible at trial.  *Romero*

26   *v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016); *see also* Fed. R. Civ. P. 56

27   advisory comm. note to 2010 amendment.

28   ///

1    Because Defendant originally produced the CCTV video and offers no evidence to

2    contradict the authenticity of the CCTV video, the Court OVERRULES Defendant's objection.

3                    *ii.      Paragraph 6 of Plaintiff Counsel's Declaration*

4        Defendant's second objection is to "Paragraph 6 of the Declaration of [Plaintiff Counsel]"

5    on lack of personal knowledge grounds.  (ECF No. 22-2 at 1.)  Paragraph 6 of Plaintiff Counsel's

6    declaration states the following: "Defendant produced a photo that depicts the area where

7    Plaintiff's slip and fall occurred and it show[s] Plaintiff in a wheel chair next to the substance on

8    the floor she fell on and Defendant's employee, Mr. Randell, in the process of wiping up the

9    floor."  (ECF No. 22-2 at 1.)

10       The Court sees no reason — and Defendant has not provided an adequate reason — to not

11   accept Plaintiff Counsel's statements as truth.  The language used in the declaration does not

12   indicate the statements are based on "speculation without foundation in personal knowledge."

13   *Green v. City & Cnty. of S.F*, No. 17-CV-00607-TSH, 2021 WL 3810243 (N.D. Cal. Aug. 21,

14   2021).  Instead, it appears Plaintiff Counsel made this declaration based upon his personal

15   knowledge after reviewing the produced photo and the CCTV video.  Accordingly, the Court

16   OVERRULES Defendant's objection.

17                    *iii.      Plaintiff Counsel's Annotations*

18       Finally, Defendant objects to Plaintiff Counsel's annotations on Plaintiff's Exhibit E as

19   hearsay.  (ECF No. 22 at 2.)  An out-of-court statement offered for its truth is hearsay.  Fed. R.

20   Evid. 801(c)(1); *see also Beyene v. Coleman Sec. Services, Inc*., 854 F.2d 1179, 1182 (9th Cir.

21   1988).  Plaintiff Counsel makes two annotations to the photograph labeled as Plaintiff's Exhibit

22   E.  (ECF No. 21-1 at Exhibit E.)  The first includes an arrow and says, "the substance my client

23   slipped on," and the second annotation includes an arrow and says, "Mr. Randell – Around the

24   time of wiping."  These annotations are inadmissible hearsay statements because Plaintiff

25   Counsel is not a witness and offers these statements for their truth that a substance caused

26   Plaintiff to slip and Defendant's employee, Cameren Randell, wiped up the substance.

27   Accordingly, the Court GRANTS Defendant's objection.

28   ///

5

B.     <u>Genuine Disputes as to Material Facts Exist</u>

Plaintiff's claims for premises liability and negligence share the same elements.[2]  *See*

*Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016).  To prevail on each claim, Plaintiff must

establish duty, breach, causation, and damages.  *Id.*  Under California law, to establish causation,

a plaintiff must prove the store owner had actual or constructive notice of a dangerous condition

prior to the plaintiff's injury.  *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1206 (2001). The

parties do not dispute that Defendant has a duty of care to keep its premises reasonably safe for

patrons.  Rather, Defendant contends Plaintiff cannot prove causation in fact or notice.  (ECF No.

12-1 at 4, 6.)

*i.     Causation in Fact*

Defendant argues it is entitled to summary judgment because there is no evidence to

establish a dangerous condition existed when Plaintiff fell nor evidence that links the alleged

dangerous condition to Plaintiff's fall.  (ECF No. 12-1 at 5.)  In opposition, Plaintiff contends

there is a genuine dispute of material fact because multiple witnesses to her fall identified a liquid

substance on the ground where Plaintiff fell.  (ECF No. 21 at 11.)

Under California law, a plaintiff establishes causation in fact by producing evidence that

the defendant's acts or omissions were a substantial factor in bringing about the plaintiff's injury.

*Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 288 (2004) (quoting *Jackson v. Ryder*

*Truck Rental, Inc*., 16 Cal. App. 4th 1830, 1847 (1993)).  "If, as a matter of ordinary experience, a

particular act or omission might be expected to produce a particular result, and if that result has in

fact followed, the conclusion may be justified that the causal relation exists."  *Osborn v. Irwin*

*Mem'l Blood Bank*, 5 Cal. App. 4th 234, 253 (1992) (quoting Rest. 2d Torts, § 433B, com. b).  In

other words, "causation in fact is ultimately a matter of probability and common sense."  *Id.*

In the instant case, Plaintiff testified at deposition that after her fall she saw "something

sticky on the floor" and described the substance as "kind of reddish like sticky."  (ECF No. 21-1

at 6.)  Plaintiff goes on to describe how Randell helped her after the fall and told Plaintiff, "I see

---

[2]     In diversity actions, federal courts apply state substantive law.  *Snead v. Metro. Prop. &*
*Cas. Ins. Co*., 237 F.3d 1080, 1090 (9th Cir. 2001).

1     where you slipped. I see it." (*Id*. at 10.)  Randell then told Plaintiff, "Well, let me clean it up."

2     (*Id*. at 8.)  Plaintiff's testimony is further supported by Randell's own testimony at deposition

3     when he stated he saw a clear substance on the floor where Plaintiff fell, and he used paper towels

4     to wipe it up. (*Id*. at 25.)  Both Plaintiff and Randell's deposition testimony also reflect what is

5     depicted in the CCTV video. (*Id*. at Exhibit D.)

6         Relying on *Peralta v. The Vons Cos., Inc*., Defendant contends that Plaintiff's evidence is

7     insufficient to survive summary judgment because it is based entirely on "speculation and

8     conjecture that the 'substance' she observed after her fall was the cause of her fall." (ECF No.

9     12-1 at 4.)  However, Defendant's reliance on *Peralta* is unpersuasive.  In *Peralta*, the plaintiff

10     fell in a bakery but could not identify anything on the floor of the bakery that may have caused

11     her fall.  24 Cal. App. 5th 1030, 1032–33 (2018).  Moreover, no witnesses reported seeing

12     anything on the floor, which may have caused plaintiff's fall. *Id*.  Without more, the appellate

13     court held that an expert declaration that the fall was consistent with a fall caused by a slippery

14     foreign substance was insufficient to create a triable issue of material fact. *Id*. at 1036.  In

15     contrast, Plaintiff does not rely on such "incomplete evidence" to create a triable issue of material

16     fact. *Id*.  While the source of the substance and how long it was on the floor remains unclear,

17     Plaintiff testimony, Randell's testimony, and the CCTV video create a reasonable inference

18     Plaintiff slipped and fell because of some substance on Defendant's floor.

19         Accordingly, the Court concludes there are triable issues of material fact as to causation in

20     fact.

21                 *ii.*     *Notice*

22         Defendant argues there is no evidence to establish it had actual or constructive notice of

23     any dangerous condition on the floor of its Elk Grove store. (ECF No. 12-1 at 6.)  In opposition,

24     Plaintiff contends she produced sufficient evidence to establish Defendant had both actual and

25     constructive knowledge of the substance on the floor of its store, which caused Plaintiff to slip

26     and fall. (ECF No. 21 at 13.)

27         California law requires slip and fall plaintiffs to prove the owner of the premises had

28     actual or constructive notice of the dangerous condition in enough time to correct it before

1    plaintiff fell. *Ortega*, 26 Cal. 4th at 1203. Plaintiff bears the burden of proving causation. *Id.* at

2    1205–06 (quoting Prosser & Keeton, Torts § 41 (5th ed. 1984)).

3         As to actual notice, Plaintiff argues "Defendant must have had actual knowledge of the

4    liquid substance that caused Plaintiff's fall, because in addition to several employees working

5    near by and facing [the area where Plaintiff fell], they were also traversing over the location of

6    the slip and fall and had been doing so approximately every thirty (30) minutes prior to Plaintiff

7    falling." (ECF No. 21 at 15.) Actual notice exists where a defendant knows a dangerous

8    condition exists. *Moore v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 472, 478 (2003). While

9    Plaintiff clearly establishes that several of Defendant's employees were in close proximity to the

10   substance that caused Plaintiff's fall, Plaintiff fails to establish that any of these employees

11   actually saw or were aware of the substance on the ground before Plaintiff fell.

12        "However, [a] plaintiff need not show actual knowledge where evidence suggests that the

13   dangerous condition was present for a sufficient period of time to charge the owner with

14   constructive knowledge of its existence." *Id.* at 477. Whether this condition existed for a long

15   enough "for a reasonably prudent person to have discovered it is a question of fact for the jury."

16   *Id*. A plaintiff does not need direct evidence of how long the dangerous condition existed. *Id*.

17   Rather, a plaintiff can demonstrate constructive notice by showing the site had not been inspected

18   within a reasonable period. *Ortega*, 26 Cal. 4th at 1212.

19        In the instant case, the parties have submitted sufficient evidence to create a triable issue

20   of material fact as to whether Defendant inspected the area where Plaintiff fell within a

21   reasonable period. Plaintiff fell between approximately 3:58 p.m. and 4:00 p.m. (ECF No. 12-1

22   at 2.) Defendant's employees are required to conduct "hourly floor-walks" to check for slip and

23   fall hazards, and a Costco employee began a full-store inspection at approximately 3:15 p.m.[3] and

24   completed it at approximately 3:55 p.m. on the day of the incident. (ECF No. 12-4 at 8.)

25   However, it is not clear from the evidence where these store walks begin, where they end, or how

26   
27   _____

[3]   The Court notes Defendant's briefing is inconsistent with its submitted evidence. In its
briefing, Defendant asserted several times the walk-through began at 3:25 p.m. (ECF No. 12-1 at
2; ECF No. 12-2 at 3, 6.) However, Exhibit B of the "Safety Inspection" sheet indicates the walk-
28   through began at 3:15 p.m., not 3:25 p.m. (ECF No. 12-4 at 8.)

the employee traversed through the store.  If the employee checked the spot where Plaintiff fell at the start of her walkthrough at 3:15 p.m., almost 45 minutes elapsed from the last safety inspection to when Plaintiff fell.  However, if the employee ended the safety inspection at this location, Defendant would have inspected this location only a few minutes before Plaintiff fell.

Moreover, the CCTV video shows four employees working at a customer service counter mere feet from where Plaintiff fell.  (ECF No. 21 at 12.)  However, there is no evidence before the Court that Defendant's employees are either trained to independently inspect for fall hazards near where they worked or did so on July 1, 2019 outside of the hourly floor inspections.[4]

Drawing reasonable inferences in Plaintiff's favor, the foregoing evidence leads to the following questions for the jury: (1) are Defendant's hourly floor-walks commensurate with a reasonable exercise of care by Defendant; (2) would a reasonably prudent person train its employees to inspect for fall hazards in the area where they are working; and (3) was the substance that caused Plaintiff to slip and fall on the ground long enough for a reasonably prudent person to notice.  Plaintiff is entitled to have a jury hear all the facts and circumstances surrounding her slip and fall, including pictures of the alleged substance, CCTV video capturing the slip and employees' responses to the fall, and Defendant's policies for monitoring and removing hazards, to draw its own conclusions with regards to these questions.  *See Contreras v. Wal-Mart Stores, Inc.*, 2015 WL 12656938 at *7 (C.D. Cal. May 8, 2015).

Accordingly, a genuine dispute exists as to whether Defendant had constructive notice of the dangerous condition on which Plaintiff slipped.

///

///

///

///

---

[4]    Although Defendant asserts its employees are required to check for slip and fall hazards near where they are working outside of the hourly formal floor inspections, it submits no evidence to support that assertion.  (*See* ECF No. 12-4 at 3 (providing evidence that employees are expected to respond to and clean up potential slip and fall hazards but not that they are required to look for any such hazards).)

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Summary Judgment.  (ECF No. 12.)  The parties are ORDERED to file a Joint Status Report within thirty (30) days of the electronic filing date of this Order indicating their readiness to proceed to trial and proposing trial dates.

IT IS SO ORDERED.

Date:  August 4, 2023

Troy L. Nunley
United States District Judge