UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUBY N. THOMAS,

        Plaintiff,

   v.

COSTCO WHOLESALE
CORPORATION,

        Defendant.

No. 2:21-cv-01492-TLN-DB

**ORDER**

      This matter is before the Court on a Motion to Withdraw filed by Parham Nikfarjam of Javaheri & Yahoudai, APLC, attorney of record for Plaintiff.  (ECF No. 28.)  Defendant did not file an opposition.  For the reasons set forth below, the Court GRANTS the motion.

      The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion.  E.D. Cal. L.R. 182(d).  Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client.  *Id.*  Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct.  *Id.*

///

1

1    The decision to grant or deny a motion to withdraw is within a court's discretion.

2    *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117,

3    at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors

4    when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the

5    client, prejudice to the other litigants, harm to the administration of justice, and possible delay.

6    *See, e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2

7    (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM,

8    2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-

9    00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

10    In the instant case, Mr. Nikfarjam satisfied Local Rule 182(d) by filing a declaration that

11    he informed Plaintiff of his intent to withdraw and by providing the Court with Plaintiff's last

12    known address.  (ECF No. 28-1.)  Mr. Nikfarjam also established withdrawal is proper under the

13    California Rules of Professional Conduct.  More specifically, California Rule of Professional

14    Conduct 1.16(b)(4) states an attorney may withdraw from representing a client if the client

15    "renders it unreasonably difficult for the lawyer to carry out the representation effectively."  In

16    addition, California Rule of Professional Conduct 1.16(b)(5) allows an attorney to withdraw if the

17    client breaches a material term of an agreement with, or obligation, to the lawyer relating to the

18    representation.  Mr. Nikfarjam represents that Plaintiff refuses to follow his advice and refuses to

19    fulfill her obligations under the retainer agreement.  (*Id.*)  Accordingly, there is good cause to

20    allow Mr. Nikfarjam to withdraw.

21    Although this matter is currently set for trial in August 2024, the Court finds there is a low

22    risk of prejudice to Plaintiff and the other litigants if this motion is granted.  The Court intends to

23    reset the trial date due to the Court's unavailability, which allows sufficient time for Plaintiff to

24    acquire new counsel to represent her at trial or alternatively prepare to represent herself at trial.

25    Lastly, the Court cannot identify any harm to the administration of justice or possible delay that

26    would result from granting the motion to withdraw.

27    For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw (ECF No.

28    28), leaving Plaintiff in Pro Per.  The Court VACATES the Final Pretrial Conference set for June

13, 2024, as well as the trial set for August 12, 2024, due to the Court's unavailability on those dates. Plaintiff has sixty (60) days from the entry of this Order to either: (1) inform the Court that she intends to proceed to trial without counsel, in which case the Court will reset dates for the Final Pretrial Conference and trial; or (2) acquire new representation and file a notice of appearance by new counsel. Failure to follow the Court's orders may result in dismissal of this action. The Clerk of Court is directed to serve this Order on Plaintiff at 8169 Arroyo Vista Dr., Sacramento, California, 95823

IT IS SO ORDERED.

Date: April 9, 2024

Troy L. Nunley
United States District Judge